22-6472
Flores-Reyes v. Garland

BIA
Spencer, IJ
A209 303 693/749

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> BETH ROBINSON,
> *Circuit Judges.*

_____

SUSANA CAN DELARIA FLORES-REYES, KATYA LISETH FLORES-REYES,
> *Petitioners,*

v.                                                        **22-6472**
                                                          **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:**     Joseph LaCome, Irving, TX.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Kitty M. Lees, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Susana Can Delaria Flores-Reyes and Katya Liseth Flores-Reyes, natives and citizens of El Salvador, seek review of an August 25, 2022, decision of the BIA affirming a February 19, 2019, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Susana Can Delaria Flores-Reyes, Katya Liseth Flores-Reyes*, Nos. A209 303 693/749 (B.I.A. Aug. 25, 2022), *aff'g* Nos. A209 303 693/749 (Immig. Ct. N.Y. City Feb. 19, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We deny the petition for review because Petitioners fail to challenge the grounds for the BIA's decision. The BIA concluded that they did not meaningfully challenge the IJ's dispositive findings that they failed to establish

2

either 1) a nexus between the harm they suffered and fear of future harm and a protected ground or 2) a likelihood of torture with government acquiescence. Accordingly, they have abandoned review of the dispositive grounds for the BIA's decision. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)).

Even if Petitioners had challenged these determinations in their petition to this Court, the BIA did not err in concluding that Petitioners had failed to challenge before the BIA the IJ's determinations with respect to nexus and government acquiescence. For that reason, we would not reach Petitioners' arguments that they established the requisite nexus and likelihood of torture with government acquiescence because, as the Government points out, those arguments are unexhausted—meaning they were not raised before the BIA. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (concluding that issue exhaustion is mandatory "if a party properly raises it") (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court